(57 App. Div. 413.)

BROWN v. SNYDER.

(Supreme Court, Appellate Division, First Department. January 25, 1901.)

BROKERS—CONTRACT—RIGHT TO COMPENSATION.
    Plaintiff contracted to bring defendant into negotiable relations with another, holding competing interests, for a consideration to be paid if defendant bought the property of such person or sold to him; and plaintiff thereon introduced defendant to such person, and negotiations were begun between them, but no sale was effected, and the negotiations were dropped. Thereafter the competing interests were consolidated, but plaintiff had no part in the negotiations. *Held*, that the plaintiff was not entitled to compensation.

Appeal from trial term, New York county.

Action by Ernest C. Brown against Robert M. Snyder to recover compensation for services alleged to have been rendered for defendant. From an order setting aside a verdict in plaintiff's favor (63 N. Y. S. 845), he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

E. C. Lydecker, for appellant.

H. Barry, for respondent.

PATTERSON, J. The plaintiff appeals from an order setting aside a verdict in his favor and directing a new trial of the action. He sued to recover compensation upon an alleged contract of employment, setting forth in his complaint that in August, 1895, the defendant was the president of the Missouri Gas Company of Kansas City, and was individually the owner of the greater part of the stock of that corporation, which was a competitor of the Kansas City Gas Company, which latter corporation was the owner of the sole gas-productive plant for supplying gas to the general public in Kansas City prior to the organization and operation of the Missouri Gas Company; that in August, 1895, the defendant employed the plaintiff to aid in effecting a consolidation of the Kansas City Gas Company and the Missouri Gas Company, and that there was an express agreement between himself and the defendant, which is stated in the complaint as follows:

"That, if the plaintiff would bring the said defendants into relations with the representatives of the United Gas-Improvement Company in Philadelphia, the owner or managers of the Kansas City Gas Company, the competitor of the company in which defendant was interested, whereby said defendant could successfully negotiate a sale or a consolidation of interests, and bring the said competing companies together upon a noncompetitive basis or understanding, and one of mutual interest and profit-making, and would assist to bring about such consummation, he, the said defendant, would pay to plaintiff the sum of ten thousand dollars."

The plaintiff further states that pursuant to such employment he procured the active interest of one Randall Morgan, of Philadelphia, the counsel and officer of said United Gas-Improvement Company; brought about a personal interview between the defendant and said Morgan, and thereafter aided and assisted in the conduct of negotiations, and acted as intermediary in various ways whenever requested to do so, and expended from time to time money for fares, telegrams, and in other ways, and did and performed each and every act required by said defendant, and by plaintiff agreed to be performed, as aforesaid; that thereafter, and as a result or contributing cause of the work, labor, service, and expenditures by the plaintiff performed and disbursed, the defendant succeeded in effecting a sale, consolidation, or agreement of combination of interests, whereby, as contemplated by said agreement, the interests of the said companies became united, have been brought together or consolidated, and are upon a noncompetitive basis, and the defendant has become indebted to the plaintiff in the sum of $10,000, which has been demanded and refused. The defendant, in his answer, admits the allegations concerning the existence in the month of August, 1895, of the two corporations at Kansas City, and that they were competitors, but denies that the defendant was the owner of the controlling interest. He also denies the employment of the plaintiff, or the making of a contract of employment, or the rendition of any service by the plaintiff under a contract of employment. The cause came to trial, and the plaintiff introduced evidence which showed that he brought the de-

68 N.Y.S.—15

fendant, Snyder, into relation with Mr. Morgan, and that the introduction was procured, and many interviews between the defendant and Mr. Morgan arranged for, by the plaintiff. The evidence supports the view that this was done at the request of the defendant; but it is also shown that, while the purpose of the plaintiff's employment was to bring the parties together, he was to be entitled to compensation only in the event of the defendant being able to sell the Missouri Gas Company to the United Gas-Improvement Company, or to purchase from the United Gas-Improvement Company its interest in the Kansas City Gas Company, or, as he himself testifies, the defendant's agreement, in his own language, was, "I will pay you the sum of ten thousand dollars, whether I sell my plant to the old company, or whether I buy theirs." The contract for compensation, assuming it to have been made as the plaintiff contends, was for an amount to be paid under specific circumstances, and in a certain event only, which event never happened. The contract proven by the plaintiff himself is not the one alleged in the complaint. He was not entitled to compensation as a broker, nor merely for the bringing of the parties together. The defendant did not sell or buy. In April, 1897, as the result of negotiations begun in October, 1896, a consolidation was effected of the interests of the two rival gas companies in Kansas City, but in the meantime the defendant and his associates had expended over a million dollars in the enterprise in which he was interested and the whole situation concerning the properties had changed. Mr. Morgan testifies that the negotiations between the defendant and himself, begun in 1895, terminated in September of that year, and at that time they had come to no agreement; that such an agreement as was finally made between them with respect to the consolidation of the interests was not proposed at any of the meetings in 1895. There seems to have been no communication between Mr. Morgan and the defendant from September, 1895, until October, 1896, when negotiations were begun afresh, as Mr. Snyder testifies, by Mr. Morgan, and they resulted in October in an agreement by which the consolidation above referred to was effected. There was an interval of a year or more between the termination of the negotiations following the introduction by the plaintiff of Mr. Morgan to the defendant, and the resumption of communications between those parties. The purpose of the plaintiff's employment in 1895 failed. The fact that a year afterwards an entirely different transaction, under changed conditions, was entered into between Mr. Morgan and the defendant does not entitle the plaintiff to recover upon the prior agreement, relating as it did to a special object which was not attained.

The order appealed from must be affirmed, with costs. All concur.